**Robert Hamilton**
**Office of the Federal Public Defender**
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
(503) 326-2123 Telephone
(503) 326-5524 Facsimile
robert_hamilton@fd.org

**Attorney for Defendant**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:20-mj-00215 |
| Plaintiff, | |
| v. | **MOTION FOR STAY AND RETURN OF PROPERTY UNDER RULE 41(g)** |
| **JESSE HERMAN BATES,** | *Oral Argument Requested* |
| Defendant. | |

Defendant, Jesse Herman Bates, through his attorney, Robert Hamilton, hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 41(g), for the return of his property, specifically his cell phone. Pending decision on this motion, Mr. Bates requests the Court to stay any request by the government to search the phone.

### BACKGROUND

This is a protester case. Mr. Bates was arrested on September 1, 2020, on an arrest warrant out of the District of Oregon. The arrest warrant was signed by U.S. Magistrate

Page 1    MOTION FOR RETURN OF PROPERTY UNDER RULE 41(g)

Judge Youlee You on August 25, 2020, and solely authorized the arrest of Jesse Bates for the offense of Civil Disorder in violation of 18 U.S.C. 231(a)(3). CR 1. The criminal complaint alleges that on July 13, 2020, Mr. Bates obstructed, impeded, or interfered with a fireman engaged in the lawful performance of his duties during a civil disorder that adversely affected commerce. CR 1. According to the affidavit, Mr. Bates was seen with a slingshot at one point, a crowbar at a later point, and was wearing certain described clothing. *Id.*, ¶¶ 5-6. He was arrested on state charges, given a pending arraignment date, and released. *See State of Oregon v. Jesse Herman Bates*, 20CR38323. He returned to Seattle.

A month and a half later, federal agents arrested him on the federal warrant for the same July 13 incident. He made his first appearance in the United States District of Oregon on September 2, 2020, after being booked into the Multnomah County Jail the previous evening. CR 2. Mr. Bates was ordered released at his first appearance. CR 5; CR 6. Upon release, Mr. Bates was given back the property he had on his person during his arrest, with the exception of his cell phone. The government has indicated the phone is evidence and that a search warrant is being sought.

### LAW

Federal Rule of Criminal Procedure 41(g) provides:

> **(g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may

impose reasonable conditions to protect access to the property and its use in later proceedings.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . ." U.S. Const. Amend. IV. The "Amendment protects property as well as privacy." *Soldal v. Cook County*, 506 U.S. 56, 62 (1992). A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Id.* at 62, *quoting United States v. Jacobsen*, 466 U.S. 109, 113 (1984). "[S]eizures of property are subject to Fourth Amendment scrutiny even though no search within the meaning of the Amendment has taken place." *Soldal*, 506 U.S. at 68.

Typically, in the absence of a warrant, a seizure of property must still be accompanied by probable cause. *See Soldal*, 506 U.S. at 66, *citing Arizona v. Hicks*, 480 U.S. 321, 326-27 (1987). This includes plain view seizures, *Hicks*, 480 U.S. at 326-27, and vehicle seizures. *California v. Acevedo*, 500 U.S. 565, 569 (1991)(police must have probable cause to justify warrantless seizure of automobile); *Colorado v. Bannister*, 449 U.S. 1, 3 (1980) (seizure of vehicle on scene or later search permissible if supported by probable cause).

The government may also perform a temporary seizure to preserve evidence, if there is probable cause to believe the property contains evidence of a "jailable offense," the seizure is temporary, and the seizure prevents the destruction of evidence before a warrant is obtained. *Illinois v. MacArthur*, 531 U.S. 326, 331-36 (2001).

**ARGUMENT**

Mr. Bates has been released from custody, but the government continues to hold onto his phone. It has been "seized," and such seizure must be supported by probable cause and limited in duration.

Mr. Bates was arrested on a warrant on September 1, 2020, for conduct that occurred during a protest in Portland on July 13, 2020. The affidavit regarding the July 13 incident makes no mention of Mr. Bates having any phone, much less this particular phone. There is no probable cause to believe the phone currently held by the government was present or used at the July 13 protest.

The government also made no mention at the first appearance and detention hearing about any problems during his September 1 arrest on the federal warrant that would establish probable cause to believe the phone contained evidence of a crime. Although the phone could certainly be held along with his other property at the jail, there is no probable cause to support a continued seizure of the phone. At this time, the government's continued possession of the phone is an unlawful deprivation of Mr. Bates' Fourth Amendment rights. The government should have returned the phone to Mr. Bates upon his release.

## CONCLUSION

Mr. Bates respectfully asks the Court to grant his motion and return his property. Pending any decision on this motion, Mr. Bates requests a stay of any further search of his phone.

Respectfully submitted on September 4, 2020.

                                                */s/ Robert Hamilton*
                                                Robert Hamilton
                                                Assistant Federal Public Defender