BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**THOMAS S. RATCLIFFE, ILSB #6243708**
Thomas.Ratcliffe@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:20-mj-00215 |
| v. | **GOVERNMENT'S OPPOSITION TO THE MOTION FOR STAY AND RETURN OF PROPERTY UNDER RULE 41(g)** |
| **JESSE HERMAN BATES,** | |
| **Defendant** | |

Defendant's motion asks the Court to return the cellphone seized during his arrest, but offers no authority supporting his apparent belief that *his view* of whether the phone may contain evidence of a crime should override the search warrant issued by this Court shortly after his motion was filed on September 9, 2020.

Federal Rule of Criminal Procedure 41(g) provides:

> **(g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Defendant cannot show that he is aggrieved by any "unlawful search and seizure" of his phone.  The Court properly issued a search warrant for defendant's phone on September 4, 2020 (in cause number 3:20-917).  That warrant and the associated documents remain under seal, but

the government provided the application and affidavit to defense counsel by email on September 11, 2020.

The Court's issuance of the search warrant conclusively demonstrates that the phone may contain evidence of a crime. The phone is, therefore, properly being held by the government as evidence.

Defendant fails to offer any authority supporting his one-sentence request to stay any search of the phone pending resolution of his motion. His failure to analyze this issue or offer any authority dooms his request. *See United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (noting that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived" even where those arguments raise constitutional issues); *see also United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006) (refusing to consider undeveloped claims of unspecified violations of the Ninth, Tenth and Thirteenth Amendments).

Defendant's motion should be denied.

Dated: September 16, 2020.

                                                Respectfully submitted,

                                                BILLY J. WILLIAMS
                                                United States Attorney

                                                **/s/ Thomas S. Ratcliffe**
                                                THOMAS S. RATCLIFFE
                                                Assistant United States Attorney